UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| C.M.S. a minor by her mother,<br>LILLIAN F. FARLEY,<br><br>      Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of the Social Security,<br>Administration,[1]<br><br>      Defendant. | No.: 1:16-cv-00088-SEB-MPB |

## REPORT AND RECOMMENDATION ON
## APPROPRIATE DISPOSITION OF THE ACTION

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to its appropriate disposition. (Docket No. 25). Plaintiff C.M.S., a minor by her mother, Lillian F. Farley, seeks judicial review of the Social Security Administration's final decision deeming her ineligible for childhood Supplemental Security Income. The matter is fully briefed. (Docket No. 23; Docket No. 30; Docket No. 34). It is recommended that the District Judge **AFFIRM** the decision of the Commissioner of the Social Security Administration finding that C.M.S. is not disabled.

## Introduction

C.M.S., a minor by her mother, applied for Supplemental Security Income under Title XVI of the Social Security Act, alleging disability beginning April 25, 2012. Her application was denied initially and on reconsideration. Plaintiff requested a hearing and a hearing was held on August 8, 2014 before administrative law judge (ALJ) James R. Norris. On August 19, 2014, the

---

[1] Berryhill has been substituted for Carolyn W. Colvin as Defendant. Fed. R. Civ. P. 25(d).

ALJ issued a decision, concluding that C.M.S. is not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed this action under 42 U.S.C. § 405(g) for review of that decision.

## **Standard for Proving Disability**

To prove disability, a child under the age of 18 must show she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration uses a three-step sequential analysis to determine whether a child is disabled. 20 C.F.R. § 416.924. Step one asks if the child is engaged in substantial gainful activity; if she is, then she is not disabled. *Id.* § 416.924(b). Step two asks if the child has a medically determinable impairment that is severe; if she does not, then she is not disabled. 20 C.F.R. § 416.924(c). The third step asks whether the child has an impairment that meets, medically equals, or functionally equals the criteria for any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Part B ("the Listings"). 20 C.F.R. §416.924(d). If the child satisfies the third step and meets the durational requirement, then she will be found disabled; otherwise, the child is found not disabled. *Id.*

To "functionally equal" a listed condition, an impairment "must be of listing-level severity." 20 C.F.R. § 416.926a(a). This means that the impairment results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation means that the child's impairment "interferes seriously with [her] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation "interferes very seriously with [the child's] ability to

independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

## **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. This Court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon legal error. *See, e.g.*, *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ—not the Court—holds discretion to weigh evidence, resolve material conflicts, make independent factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399-400 (1971). Accordingly, the Court may not reevaluate the facts, reweigh evidence, or substitute its judgment for the ALJ's. *See, e.g.*, *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

The ALJ is required to articulate a minimal, but legitimate, justification for the decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made. And the ALJ must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel*, 227 F.3d 862, 872 (7th Cir. 2000).

## Analysis

**I.     The ALJ's Sequential Findings**

At step one of the analysis, the ALJ found that C.M.S. has not engaged in substantial gainful activity since the application date. (Docket No. 16-2 at ECF p. 18). At step two, he determined that she has the severe impairments of attention deficit/hyperactivity disorder (ADHD) and specific learning disorder. (*Id.*) At step three, the ALJ concluded that C.M.S. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. He identified Listing 112.11 (ADHD) and Listing 112.102 (learning disorders) and evaluated the evidence regarding whether C.M.S. meets or equals the severity of a listing. (Docket No. 16-2 at ECF pp. 18-19).

Then the ALJ turned to the question of whether C.M.S. functionally equals a listing. (Docket No. 16-2 at ECF pp. 19-31). He found that C.M.S. has less than a marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, and no limitations in the other four domains. (Docket No. 16-2 at ECF pp. 24-30). Therefore, the ALJ concluded that C.M.S. did not functionally equal a listing and was not disabled under the Social Security Act. (*Id.* at ECF pp. 18, 31).

**II.    Review of Plaintiff's Assertions of Error**

   **A. Whether the ALJ Erred in Finding that C.M.S. Has Less Than Marked Limitations in Two Domains**

C.M.S. argues that the ALJ erred at step three of the analysis in determining she had less than marked limitations in two domains: (1) acquiring and using information, and (2) attending and completing tasks. The Commissioner responds that substantial evidence supports the ALJ's determination.

The record evidence contained four medical opinions and an opinion from C.M.S.'s first-grade teacher on C.M.S.'s functioning in the domain of acquiring and using information. As the ALJ noted, the state agency consultants reviewed the available evidence (their review did not include the most recent medical evidence, so the ALJ gave their opinions reduced weight) and concluded that C.M.S. has a less than marked limitation in the domain of acquiring and using information. (Docket No. 16-2 at ECF pp. 23, 25; *see* Docket No. 16-7 at ECF pp. 55-58 & 74-79). James E. Brooks, Ph.D., a licensed psychologist, testified as a medical expert at the hearing before the ALJ. Dr. Brooks reviewed the record, including medical evidence and school records pertaining to C.M.S.'s functioning and stated that C.M.S. has a less than marked limitation in acquiring and using information. (Docket No. 16-2 at ECF p. 43).

The opinions of the state agency consultants and Dr. Brooks are supported by the opinion of consultative examiner Howard E. Wooden, Ph.D., a clinical psychologist who conducted a mental status examination of C.M.S in June 2014. He interviewed C.M.S. and her mother, observed C.M.S. during the examination, and administered testing to her. (Docket No. 16-8 at ECF pp. 21-23). She achieved a full-scale IQ score of 96, which Dr. Wooden opined "indicates functioning within the average range of intellectual ability." (*Id.* at ECF p. 22). He also opined that C.M.S. has a moderate learning disorder in reading, written expression, and mathematics and mild ADHD. (*Id.* at ECF p. 23). Although Dr. Wooden did not give a specific opinion on C.M.S.'s functioning in the domain of acquiring and using information, his opinion as to the severity of her impairments is consistent with the opinions of the state agency consultants and Dr. Brooks regarding C.M.S.'s functioning in this domain.

C.M.S.'s first-grade teacher reported in May 2012 that C.M.S. was reading above grade level and was at grade level in math and written language. (Docket No. 16-6 at ECF p. 31). The

teacher also reported that C.M.S. has no problems in the domain of acquiring and using information and her functioning appears age-appropriate. (*Id.* at ECF p. 32). The ALJ's determination that C.M.S. has a less than marked limitation in acquiring and using information was based on and supported by all of these opinions.

Nevertheless, C.M.S. points to education records from June 2011 that indicated she was not able to read at grade level, had below average math skills, was not making adequate progress, and was retained in first grade. (Docket No. 16-7 at ECF pp. 3-15). But these records were created almost one year before the teacher evaluation of May 2012 and reflected evaluation of C.M.S.'s performance before she obtained special education services. C.M.S. also relies on a May 2012 case conference record to show that her performance was below grade level expectation. (Docket No. 16-7 at ECF p. 44). But this record reflects the reason for the original determination that C.M.S. was eligible for special education services. Besides, it indicates that she currently "is performing at grade level in math and reading." (*Id.*) Finally, C.M.S. relies on an April 2014 case conference after which her special education services were continued. (Docket No. 16-8 at ECF pp. 4-9). Though concerns about her progress were noted, it was also noted that she was "doing well in both reading and math" and her word recognition and vocabulary knowledge were strong. (*Id.* at ECF p. 4). Moreover, the ALJ considered these reports in reaching his decision (*see* Docket No. 16-2 at ECF pp. 21-22), and the Court cannot reweigh the evidence. The Court determines that substantial evidence supports the ALJ's finding that C.M.S. had a less than marked limitation in acquiring and using information.

In addition, C.M.S. argues the ALJ's finding that she has a less than marked limitation in attending and completing tasks was contrary to much of the evidence. (Docket No. 23 at ECF pp. 12-13). Some of the evidence she cites is dated—a June 2011 school report used to determine her

eligible for special education services. (Docket No. 16-7 at ECF pp. 3-15). She also refers to reports of her hyperactivity and fidgeting that preceded adjustments in her ADHD medication. (Docket No. 23 at ECF p. 13). Regardless, the ALJ considered this evidence as well as the other record evidence in determining that C.M.S. has a less than marked limitation in attending and completing tasks. (Docket No. 16-2 at ECF pp. 21-23). The evidence he considered included the first-grade teacher's opinion that C.M.S. has no limitation in this domain, Dr. Wooden's evaluation and opinion that C.M.S. had mild ADHD, C.M.S.'s activities and functioning, the state agency consultants' opinions that C.M.S. has no limitation in this domain, and Dr. Brooks's opinion that she has no limitation in this domain. (*Id.* at ECF pp. 26-27). The Court cannot reweigh the evidence and, instead finds that substantial evidence supports the ALJ's finding that C.M.S. had a less than marked limitation in attending and completing tasks.

Accordingly, the Court finds no error in the ALJ's determination that C.M.S. did not have an impairment or combination of impairments that functionally equals the criteria for any of the conditions in the Listings.

### B. Perfunctory and Undeveloped Arguments

C.M.S. makes several other arguments, but they are perfunctory and undeveloped. For example, she asserts that the ALJ's decision must be reversed because the ALJ failed to build an accurate and logical bridge from the evidence to his conclusions and that the decision is contrary to the medical evidence. (Docket No. 23 at ECF p. 13). Perfunctory and undeveloped arguments are forfeited. *See, e.g.*, *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). Therefore, C.M.S. has forfeited any argument other than the argument that the ALJ erred in finding she did not have marked limitations in two domains of functioning, which have been addressed.

**Conclusion**

For all these reasons, the Magistrate Judge recommends that the Court affirm the decision of the Commissioner.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure. The parties should not expect any extensions of time within which to file objections.

**SO RECOMMENDED** the 7th day of August, 2017.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system